UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

               -v-

JOHN FARCHIONE,
                           Defendant.

17-CR-628 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

Defendant John Farchione is incarcerated at Federal Medical Center Devens in Massachusetts, where he is serving an 84-month sentence for fraud, aggravated identity theft, and related charges. (*See* Dkt. No. 61.) Defendant has moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(a)(i), in light of the COVID-19 pandemic. (Dkt. No. 66.) The Government has filed a response opposing Defendant's motion. (Dkt. No. 67.)

**I.    Legal Standard**

A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). Under the First Step Act of 2018, a court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus justify a sentence reduction. One of those circumstances is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to

1

provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

## II.     Discussion

Defendant, through counsel, submitted a request for release to the warden at Devens on April 8, 2020. (*See* Dkt. No. 66-2.) Because 30 days have now lapsed since that submission, this Court has the statutory authority to act on Defendant's motion.

Defendant is a 67-year-old man with medical conditions that include hypertension and heart disease. He argues that his age and health conditions place him at a high risk of severe complications and death in the event of a COVID-19 outbreak at his prison.

This Court has previously found "extraordinary and compelling reasons" warranting release to home incarceration based on health risks from the COVID-19 pandemic. See *United States v. Christopher Canale*, No. 17-CR-286 (JPO), Dkt. No. 46 (S.D.N.Y. April 30, 2020). In the *Canale* case, the defendant had served two years of his three-year sentence, suffered from several high-risk medical conditions, was incarcerated at a facility that had experienced a COVID-19 outbreak, and had already been approved for release to a halfway house by the Bureau of Prisons. *See id.* at 3-4.

2

There is little doubt that Farchione's age and medical conditions place him at heightened risk of serious complications if he is infected with COVID-19. And the likelihood of infection is greater in a prison setting than in a safe home environment, other things being equal. However, FMC Devens appears to have had only one inmate diagnosed with the COVID-19 virus, out of a population of approximately 1000, and the facility has made "significant changes in operations in response to COVID-19." *See Grinis v. Spaulding*, No. 20-CV-10738 (GAO), Dkt. No. 45, at 5 (D. Mass. May 8, 2020). Moreover, Defendant is being transferred imminently (or perhaps has already been transferred) to the minimum-security satellite camp at Devens, which houses a significantly smaller population (approximately 100 inmates). Defendant does not have a terminal illness or a severe or urgent medication condition, and his health status has recently been upgraded. (*See* Dkt. No. 67 at 11.)

Even assuming, however, that Defendant's age and medical conditions provide "extraordinary and compelling reasons" for a reduction in his sentence, the Court cannot conclude that a release to home confinement at this time is justified upon consideration of the factors set forth in 18 U.S.C. § 3553(a). Most importantly, Farchione has served only one year of his seven-year sentence. His crimes were extremely serious, for the reasons that this Court explained in imposing a seven-year sentence, which itself was well below the Guidelines. (*See* Dkt. No. 62.) While Defendant does not pose a danger to society and is unlikely to be a recidivist, the Court concludes that a reduced sentence of home confinement at this stage would be insufficient to comply with the statutory purposes of reflecting the seriousness of the offense, providing just punishment, promoting respect for the law, and affording adequate deterrence to criminal conduct. See 18 U.S.C. § 3553(a)(2).

The Court notes that this decision is based on the premise that the Bureau of Prisons and FMC Devens are in fact taking steps that are reasonably necessary to ensure Defendant's health and safety at his place of incarceration.  If that premise turns out to be incorrect, or if circumstances materially change, Defendant may renew his motion.

In light of the considerations discussed above, and given the risks created by the COVID-19 pandemic in prisons generally, Defendant would appear to be a strong candidate for a furlough — a temporary release followed by a resumption of an incarceratory sentence at a later time — rather than a reduction in sentence.  As other judges in this District have explained, however, courts lack the statutory authority to grant such relief; only the Bureau of Prisons may do so.  *See United States v. Haney*, No. 19-CR-541 (JSR), 2020 WL 1821988, *7 (S.D.N.Y. April 13, 2020); *United States v. Roberts*, No. 18-CR-528 (JMF), 2020 WL 1700032, *3 (S.D.N.Y. April 8, 2020).

### III.   Conclusion

For the foregoing reasons, Defendant Farchione's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) is denied.

The Clerk of Court is directed to close the motion at Docket Number 66.

SO ORDERED.

Dated: May 11, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge